UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WELLS FARGO BANK, N.A.,

                                  Plaintiff,                      **3:16-cv-00533 (BKS/DEP)**

v.

TODD M. BARNES, KATRINA A. ZINEELABIDINE,

                                  Defendants.
_____

**APPEARANCES:**

*For Plaintiff:*
Stephen J. Vargas
Gross Polowy, LLC
900 Merchants Concourse, Suite 412
Westbury, NY 11590

*For Defendant Katrina A. Zineelabidine:*
Rosmarie Richards
Office of Rosemarie Richards
P.O. Box 326
Gilbertsville, NY 13776

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Plaintiff Wells Fargo, N.A. brought this diversity[1] action against Defendants Todd M. Barnes and Katrina A. Zineelabedine under Article 13 of the New York Real Property Actions

---

[1] For purposes of subject matter jurisdiction, "a national bank is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016). The Complaint, however, indicates only that Wells Fargo's "principal place of business" is in Sioux Falls, South Dakota, (Dkt. No. 1), while the instant motion states that Wells Fargo's "principal executive office" is located in Sioux Falls, South Dakota, (Dkt. No. 28-1, at 3). Plaintiff has failed to properly allege that the location of its main office creates diversity, as required by *OneWest Bank v. Melina*, but the Court notes that Plaintiff has attached Wells Fargo's articles of association to the instant motion, which indicate that its "main office" is located in Sioux Falls, South Dakota. (Dkt. No. 28-15, at 1). The record therefore establishes the requisite diversity of citizenship between the

and Proceeding Law ("RPAPL"), N.Y. Real Prop. Acts. Law §§ 1301–1391, seeking to foreclose a mortgage encumbering 396 State Highway 7 in Unadilla, New York, "together with the land, buildings and other improvements located on the Property." (Dkt. No. 1). Currently before the Court is Plaintiff Wells Fargo's motion for default judgment against Defendant Barnes and for summary judgment against Defendant Zineelabidine under Rules 55 and 56 of the Federal Rules of Civil Procedure, respectively. (Dkt. No. 28).[2] Plaintiff also moves to substitute Nationstar Mortgage, LLC ("Nationstar") as plaintiff in this action. (*Id.*). Defendant Zineelabidine has filed an "Affirmation in Opposition" in response to the motion for summary judgment, (Dkt. No. 29), as well as a motion "requesting an extension of time to file an answer," (Dkt. No. 30).[3] For the reasons set forth below, Plaintiff's motions are denied, but Plaintiff may resubmit its motions after it has corrected its deficient notice of pendency in the Otsego County Clerk's office. Defendant's motion is denied as moot.

## II.    BACKGROUND[4]

Plaintiff is a "national banking association with its principal executive office [in] South Dakota," and Defendants are both citizens of New York. (Dkt. No. 28-2, ¶¶ 1–3). On January

---

parties, and the Court deems the complaint amended so as to properly allege diversity jurisdiction. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009).

[2] This is Plaintiff's second motion for summary judgment and motion for default judgment. On July 7, 2017, the Court granted Plaintiff's request to withdraw its first motion for summary judgment and default judgment. (Dkt. No. 27).

[3] Defendant Zineelabidine's Answer and "Affirmation in Opposition" contain several short arguments opposing foreclosure, including: (i) that the statute of limitations for a foreclosure action has run, (ii) that her divorce and name change render the mortgage and service of the complaint invalid; (iii) that she is attempting to tender to Plaintiff a deed-in-lieu of foreclosure; and (iv) that the interest rate of the debt accompanying the note exceeds the statutorily permitted rate of 16%. (Dkt. Nos. 7, 29). Each of these arguments appears to be unavailing, but because Defendant has also filed a "motion to allow a late filing" in opposition to Plaintiff's motions (Dkt. No. 31), addressed below in section IV.A. *infra*, it is unnecessary to assess in full the merits of these arguments here.

[4] The facts are drawn from Plaintiff's statement of material facts (Dkt. No. 28-2), as well as exhibits that the parties have submitted, to the extent that they could be presented in a form that would be admissible as evidence. Although Plaintiff Zineelabidine has submitted an "Affirmation in Opposition" to Plaintiff's motion, she has not filed a response to Plaintiff's statement of material facts. Where facts stated in a party's L.R. 7.1(a)(3) Statement are supported by testimonial or documentary evidence, the Court has found such facts to be true. *See* N.D.N.Y. L.R. 7.1(a)(3); Fed. R. Civ. P. 56(e).

25, 2008, Defendants obtained a mortgage loan of $138,000.00 from Provantage Funding Company, which was secured by a mortgage on real property located at 396 State Highway 7 in Unadilla, New York.  (*Id.* ¶ 4).  The mortgage and note were subsequently assigned and delivered to Wells Fargo on or around November 18, 2013.  (Dkt. No. 28-6, at 25).  Defendants failed to make their August 2014 mortgage payment, and did not make any payments thereafter. (Dkt. No. 28-2, ¶ 9).  On December 11, 2015, Plaintiff mailed a notice of default and ninety-day pre-foreclosure notices to the address of the mortgaged property as well as Defendants' last known address.  (*Id.* ¶¶ 4, 6, 8).  Also on December 11, 2015, Plaintiff "electronically filed notice with the Superintendent of Financial Services . . . as required by RPAPL § 1306(2)."  (*Id.* ¶ 7).  On May 12, 2016 and June 8, 2016, Plaintiff filed notices of pendency in the Otsego County Clerk's office with a "legal description" of the property in question attached to each. (Dkt. No. 28-10).  On July 24, 2017, Plaintiff filed a third notice of pendency, this time attaching the summons associated with this action as issued by the Clerk of Court for the Northern District of New York.  (Dkt. No. 28-10, at 8).  The Complaint filed in this action, however, does not appear to have been attached to any of the notices of pendency or any other document filed with the Otsego County Clerk as required by RPAPL § 6511(a).  Defendants owe a principal balance of to $126,098.40, with 6.5% interest accruing from July 1, 2014 ($22.46 per day).  (Dkt. No. 28-4, ¶ 8).  Defendants also owe late charges, monies advanced for taxes, insurance disbursements, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. (*Id.*; Dkt. No. 28-3, ¶¶ 14–15).

      Defendant Barnes did not answer the Complaint, and the Clerk of Court for the Northern District of New York issued an entry of default against him on July 13, 2016.  (Dkt. No. 28-13). Defendant Zineelabidine filed an answer to the complaint on June 30, 2016.  (Dkt. No. 7).

3

## III.   STANDARDS OF REVIEW

### A.   Summary Judgment

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson*). The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *see also Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (summary judgment appropriate where the non-moving party fails to "'come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor' on an essential element of a claim" (quoting *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010))).

If the moving party meets this burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477 U.S. at 323–24; *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). Still, the

4

nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986). Further, "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

### B.     Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Local Rule 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded.").  Second, under Rule 55(b)(2), the plaintiff must "apply to the court for entry of default judgment." *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

## IV. DISCUSSION

### A. Notice of Pendency

Under New York law, a lender in a mortgage foreclosure action "must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed. App'x 30, 32 (2d Cir. 2012) (citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)). The RPAPL also contains procedural requirements, as set forth in sections 1303 (service of a statutory notice to mortgagor with the summons and complaint), 1304 (prior notice to mortgagor before a lender or assignee commences a legal action), 1306 (lender must file certain information with the superintendent of the New York State Department of Financial Services), 1320 (summons must contain a statutory notice), and 1331 (the filing of a notice of pendency). *See* N.Y. Real Prop. Acts. Law §§ 1303, 1304, 1306, 1320, 1331. Section 1331 of the RPAPL requires that "[t]he plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." *Id.* § 1331. The notice of pendency must be filed with a copy of the complaint, unless the complaint has already been filed in that county. *See* N.Y. C.P.L.R. 6511(a). The notice of pendency is "an extraordinary privilege," which permits a party to "hinder another's right to transfer property" without judicial intervention. *Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 354 (E.D.N.Y. 1997) (quoting *Israelson v. Bradley*, 308 N.Y. 511, 516 (1955)). The New York Court of Appeals "has required strict compliance with the statutory procedural requirements" of the notice of pendency. *Id.* at 354 (quoting *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320–21 (1984)).

Plaintiff has sufficiently demonstrated that the common law requirements to foreclose its mortgage are satisfied, as the record indicates that Defendants executed a note secured by a mortgage on the mortgaged property and that Defendants subsequently defaulted on the note. (Dkt. No. 28-6, at 4; Dkt. No. 28-8, at 2).  Plaintiff also sent prior notice pursuant to RPAPL § 1304, (Dkt. No. 28-9), filed the information required by RPAPL § 1306, (Dkt. No. 28-9), and served Defendants with the summons, complaint, notices, debt validation letter, and a certificate of merit as required by RPAPL §§ 1303 and 1320, (Dkt. No. 28-7, at 1, 3).  Plaintiff also filed notices of pendency pursuant to RPAPL § 1331 with the Otsego County Clerk in the State of New York.  (Dkt. No. 28-10).  The notices state that a foreclosure action has been commenced against Defendants in the United States District Court for the Northern District of New York, with a legal description of the property attached to each.  (*Id*.).  And, as noted above, the third notice of pendency was filed with the summons from this action.  (Dkt. No. 28-10, at 8).

There is no indication in the record, however, that Plaintiff filed the Complaint with any of the notices of pendency as required by CPLR 6511(a).  *See Ditech Fin. LLC v. Sterly*, No. 15-cv-1455, 2016 WL 7429439, at *4, 2016 U.S. Dist. LEXIS 177934, at *8–11 (N.D.N.Y. Dec. 23, 2016); *Nationstar Mortg. LLC v. Moody*, No. 16-cv-279, 2017 WL 1373890, at *1, 2017 U.S. Dist. LEXIS 56553, at *2–3 (N.D.N.Y. Apr. 13, 2017).  Accordingly, the Court finds that Plaintiff's notice of pendency is ineffective because the failure to file a complaint with the notice renders such a notice defective and void.  *See Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D.3d 492, 493 (3rd Dep't 2005) ("[W]here, as here, no complaint was filed with the notice of pendency, it follows that the notice was defective and void from the beginning . . . .)."  Without a

valid notice of pendency filed twenty days before a final judgment, Plaintiff has not complied with the statutory requirements of RPAPL § 1331 or CPLR 6511.[5]

Because it appears that Plaintiff's motion may otherwise meet the requirements for a foreclosure action, the Court will permit Plaintiff to resubmit its motion including a copy of the complaint attached to the notice of pendency, if it was in fact filed with the original notice of pendency, or including a new notice of pendency with the complaint attached as filed with the Otsego County Clerk.  *See Sterly*, 2016 WL 7429439, at *4, 2016 U.S. Dist. LEXIS 177934, at *10 ("[S]uccessive notices of pendency are permitted to be filed when prosecuting a foreclosure action to final judgment."); *Campbell v. Smith*, 309 A.D.2d 581, 582 (1st Dep't 2003) (same). The corrected motion papers must be filed within thirty (30) days.  Once Plaintiff has resubmitted its motion, Defendant Zineelabidine, who had requested additional time to file papers in opposition to Plaintiff's earlier motion, will have the standard period within which to respond as provided for by Local Rule 7.1(b).

### B.   Substitution of Nationstar as Plaintiff

Rule 25 of the Federal Rules of Civil Procedure governs the substitution of parties when an interest is transferred.  *See* Fed.R.Civ.P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.").  "Substitution of a successor in interest . . . under Rule 25(c) is generally within the sound discretion of the trial court." *Taberna*

---

[5] The Court notes that Gross Polowy, Plaintiff's counsel, has been cited by this Court and others for repeatedly and inexplicably failing to follow the required procedure for attaining a default judgment and foreclosure. *See, e.g.*, *U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Gross*, 255 F. Supp. 3d 427, 431 (W.D.N.Y. 2017); *U.S. Bank Trust, N.A. v. Monroe*, No. 15-CV-1480 (LEK)(DJS), 2017 WL 923326, at *3, 2017 U.S. Dist. LEXIS 32874, at *5–6 (N.D.N.Y. Mar. 8, 2017); *U.S. Bank Trust, N.A. v. Dupre*, No. 15-CV-0558 (LEK)(TWD), 2016 WL 5107123, at *2, 2016 U.S. Dist. LEXIS 127848, at *10–11 (N.D.N.Y. Sept. 20, 2016); *Nationstar Mortg. LLC v. Pignataro*, No. 15-Civ-1041 (LEK)(DJS), 2016 WL 3647876, at *2, 2016 U.S. Dist. LEXIS 85737, at *3–5 (N.D.N.Y. July 1, 2016).

*Capital Mgmt., LLC v. Jaggi*, No. 089 Civ. 11355 (DLC), 2010 WL 1424002, at *2, 2010 U.S. Dist. LEXIS 35347, at *6–7 (S.D.N.Y. Apr. 9, 2010) (quoting *Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003). The "primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action." *Banyai v. Mazur*, No. 00 Civ. 9806 (SHS), 2009 WL 3754198, at *3, 2009 U.S. Dist. LEXIS 105418, at *8–9 (S.D.N.Y. Nov. 5, 2009).

Plaintiff asserts that, at the time this action was commenced on May 10, 2016, it had possession of the note in question after the mortgage was assigned to it in 2013. (Dkt. No. 28-4). "Where the plaintiff is the assignee of the mortgage and the underlying note at the time of the foreclosure action was commenced, the plaintiff has standing to maintain the action." *Federal Nat'l Mortg. Ass'n v. Youkelsone*, 303 A.D.2d 546, 547 (2d Dep't 2009). Plaintiff now argues that, because its interest in this action was transferred to Nationstar as assignee of Defendants' mortgage on September 1, 2016, (Dkt. No. 28-14, at 2), Nationstar should be substituted as plaintiff. Under New York law, "assignments . . . may be effectuated by the delivery of the relevant note and mortgage. An assignment need not be evidenced by a written assignment." *In re Mims*, 438 B.R. 52, 56 (Bankr. S.D.N.Y. 2010); *see Arch Bay Holdings, LLC v. Albanese*, 146 A.D.3d 849, 851-52 (2d Dep't 2017). Although Wells Fargo has supplied the Court with evidence that the mortgage has been assigned to Nationstar by a written agreement, the document submitted only assigned the mortgage, not the underlying debt. (Dkt. No. 28-14, at 2).[6] "If [an assignor] intends to assign the mortgage and the underlying debt, it is well advised to

---

[6] The "Corporate Assignment of Mortgage" states: "KNOWN ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $138,000.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisions therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage." (Dkt. No. 28-14, at 2). This language of the assignment indicates that "it does not assign the Note, or the underlying obligation," to the assignee. *Deutsche Bank Nat. Tr. Co. v. McRae*, 27 Misc. 3d 247, 250 (N.Y. Sup.

9

employ language that unambiguously does so." *In re Mims*, 438 B.R. at 57 (quoting *Deutsche Bank*, 27 Misc. 3d at 250) (suggesting use of form "Assignment of Mortgage," which indicates assignment of "the moneys due to grow due thereon with the interest"). Counsel for Plaintiff has filed a declaration asserting that "the note was transferred to Nationstar," but there is no evidence in the record evincing a transfer. (Dkt. No. 28-3, ¶ 11). "[T]he mere assignment of the mortgage without an effective assignment of the underlying note is a nullity, and no interest is acquired by it because a mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation." *Arch Bay Holdings*, 146 A.D.3d at 852 (citations omitted). Because Wells Fargo has not shown that transfer of the note to Nationstar was effectuated either by written assignment or physical delivery of the note, substitution of Nationstar as plaintiff under Rule 25(c) would be improper. Accordingly, the motion must be denied without prejudice to renew.

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment and summary judgment (Dkt. No. 28) is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff may file a third motion for default judgment and summary judgment **within thirty (30) days**; and it is further

**ORDERED** that Defendant Zineelabidine's motion for an "extension of time to file an answer" (Dkt. No. 30) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

---

Ct. 2010) (analyzing a substantively identical assignment clause). "Indeed, the operative language ends with the assignor assigning its 'beneficial interest under the Mortgage' alone, with no reference to the debt." *Id.*

**IT IS SO ORDERED.**

Dated: March 27, 2018
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge