**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

WELLS FARGO BANK, N.A.,

                                      Plaintiff,                    3:16-cv-00533 (BKS/DEP)

v.

TODD M. BARNES and KATRINA A.
ZINEELABIDINE,

                                      Defendants.

**Appearances:**

*For Plaintiff:*
Stephen J. Vargas
Gross Polowy, LLC
900 Merchants Concourse, Suite 412
Westbury, NY 11590

*For Defendant Katrina A. Zineelabidine:*
Rosemarie Richards
Office of Rosemarie Richards
P.O. Box 326
Gilbertsville, NY 13776

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Wells Fargo, N.A. brought this diversity action against Defendants Todd M. Barnes and Katrina A. Zineelabidine under Article 13 of the New York Real Property Actions and Proceeding Law ("RPAPL"), N.Y. Real Prop. Acts. Law §§ 1301–1391, seeking to foreclose a mortgage encumbering 396 State Highway 7 in Unadilla, New York, "together with the land, buildings and other improvements located on the Property." (Dkt. No. 1). Presently before the Court is Plaintiff's third motion for summary judgment against Defendant Zineelabidine and

default judgment against Defendant Barnes.[1] (Dkt. No. 40). Defendant Zineelabidine opposes the motion for summary judgment. (Dkt. No. 41). Defendant Barnes has not appeared in this action. For the reasons that follow, Plaintiff's motion is granted.

## II. PROCEDURAL HISTORY

In its prior Memorandum-Decision and Order, the Court denied Plaintiff's motion without prejudice to refiling with a "copy of the complaint attached to the notice of pendency" as filed in the Otsego County Clerk's Office, because, inter alia, there was no indication that "Plaintiff filed the Complaint with any of the notices of pendency" as required by section 6511(a) of the New York Civil Practice Law and Rules ("CPLR"). (Dkt. No. 36, at 7–8). On May 18, 2018, Plaintiff submitted a status report and attached the notice of pendency filed in the Otsego County Clerk's Office, demonstrating that it was filed with a copy of the Complaint in compliance with CPLR 6511(a). (Dkt. No. 38).

On May 25, 2018, Plaintiff renewed its motion for summary judgment, default judgment, and judgment of foreclosure and sale. (Dkt. No. 40).

## III. BACKGROUND[2]

The Court assumes the parties' familiarity with the background set forth in its prior Memorandum-Decision and Order. (*See* Dkt. No. 36, at 2–3). Plaintiff is a "national banking association with its principal executive office [in] South Dakota," and Defendants are both citizens of New York. (Dkt. No. 1, ¶¶ 2–4; Dkt. No. 40-3, ¶¶ 1–3). On January 25, 2008,

---

[1] The Court previously denied Plaintiff's motion for default judgment against Defendant Barnes and for summary judgment against Defendant Zineelabidine without prejudice to renewal. (Dkt. No. 28; Dkt. No. 36). On July 7, 2017, the Court granted Plaintiff's request to withdraw its first motion for summary judgment and default judgment. (Dkt. No. 27).

[2] The facts are drawn from Plaintiff's statement of material facts, (Dkt. Nos. 28-2, 40-3), as well as exhibits that the parties have submitted, to the extent that they could be presented in a form that would be admissible as evidence. Although Plaintiff Zineelabidine has submitted "Affirmations in Opposition" to Plaintiff's motion, (Dkt. Nos. 29, 41), she has not filed a response to either of Plaintiff's statements of material facts. Where facts stated in a party's Local Rule 7.1(a)(3) statement are supported by testimonial or documentary evidence, the Court has found such facts to be true. *See* N.D.N.Y. L.R. 7.1(a)(3); Fed. R. Civ. P. 56(e).

Defendants obtained a mortgage loan of $138,000.00 from Provantage Funding Company, which was secured by a mortgage on real property located at 396 State Highway 7 in Unadilla, New York. (Dkt. No. 1, at 7–8; Dkt. No. 40-3, ¶ 4). The mortgage and note were subsequently assigned and delivered to Wells Fargo on or around November 18, 2013. (Dkt. No. 1, ¶ 10; Dkt. No. 40-2, at 44). Defendants failed to make their August 2014 mortgage payment and did not make any payments thereafter. (Dkt. No. 1, ¶ 11; Dkt. No. 40-3, ¶ 9). On December 11, 2015, Plaintiff mailed a notice of default and ninety-day preforeclosure notices to the address of the mortgaged property as well as Defendants' last known address. (Dkt. No. 40-3, ¶¶ 4, 6, 8). Also on December 11, 2015, Plaintiff "electronically filed notice with the Superintendent of Financial Services . . . as required by RPAPL § 1306(2)." (*Id.* ¶ 7). On May 12, 2016 and June 8, 2016, Plaintiff filed notices of pendency in the Otsego County Clerk's office with a "legal description" of the property in question attached to each. (Dkt. No. 40-2, at 115–18). On July 24, 2017, Plaintiff filed a third notice of pendency, this time attaching the summons associated with this action as issued by the Clerk of Court for the Northern District of New York, as well as the Complaint, as required by CPLR § 6511(a). (Dkt. No. 38, at 2–8).

Defendants owe a principal balance of $126,098.40, with 6.5% interest accruing from July 1, 2014 ($22.46 per day). (Dkt. No. 40-2, ¶ 8). Defendants also owe late charges, monies advanced for taxes, insurance disbursements, and the costs, allowances, expenses of sale, and reasonable attorneys' fees for the foreclosure. (*Id.*; Dkt. No. 28-3, ¶¶ 13–14).

Defendant Barnes did not answer the Complaint, and the Clerk of Court for the Northern District of New York issued an entry of default against him on July 13, 2016. (Dkt. No. 10). Defendant Zineelabidine filed an answer to the Complaint on June 30, 2016, and asserted two "affirmative defenses": subject matter jurisdiction and failure "to serve and prosecute this action

3

for more than six (6) months." (Dkt. No. 7). Defendant Zineelabidine filed an affirmation (by her attorney) in opposition to summary judgment. (Dkt. No. 41). It states, in relevant part:

> 3. Upon information and belief, the source of information being Katrina A. Olsen (aka Zineelabidine), Katrina Olsen (aka Zineelabidine) in mitigation requested a deed in lieu of foreclosure.
>
> 4. Throughout these protracted proceedings, Katrina A. Olsen (aka Zineelabidine) filed the documentation forwarded, and was not offered any further documentation. Despite her resolve to conclude this matter, the bank's protracted and dilatory actions frustrated Katrina A. Olsen (aka Zineelabidine) right of loss mitigation.
>
> 5. That accordingly, your deponent object to the relief sought by plaintiff considering the frustrated efforts to work through loss mitigation.

(Dkt. No. 41, at 2–3).

## IV. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson*). The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *see also Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (summary judgment appropriate where the non-moving party fails to "'come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor' on an essential element of a claim" (quoting *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010))).

If the moving party meets this burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477 U.S. at 323–24; *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). Still, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986). Further, "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

**B.     Analysis**

"To establish a prima facie case, New York courts require that the plaintiff in an action to foreclose a mortgage demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (quoting *Campaign v. Barba*, 23 A.D.3d 327, 327 (2d Dep't 2005)). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it

has demonstrated its prima facie case of entitlement to judgment," and the burden shifts to the defendant "to raise a triable issue of fact, including with respect to any alleged defenses or counterclaims." *Id.* at 414–15 (citing *Fleet Nat'l Bank v. Olasov*, 16 A.D.3d 374, 374–75 (2d Dep't 2005)).[3]

Plaintiff has submitted evidence showing the existence of the mortgage and the mortgage note. (Dkt. No. 40-2, at 14–18, 28–42). Plaintiff has also submitted evidence that it owned the note at the time it commenced this action. (*See* Dkt. No. 40-2, ¶ 3 ("Wells Fargo Bank, N.A. had possession of the Promissory Note on or before May 10, 2016, the date that this action was commenced."); Dkt. No. 40-2, at 44); *see also OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) ("New York courts have repeatedly held that proof of physical possession—such as the affidavits of OneWest's corporate representative and counsel in this case—is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note.").[4] Finally, there is evidence that Defendants Barnes and Zineelabidine defaulted in payment. (Dkt. No. 40-2, ¶ 4 ("The Defendant [sic] is in default under the terms and conditions of the Promissory Note and Mortgage because the August 1, 2016 and subsequent payments were not

---

[3] In New York, mortgage foreclosure actions are governed by Article 13 of the RPAPL, which contains a number of service and filing provisions, including requirements that the foreclosing party: notify the borrowers that they are at risk of foreclosure prior to commencing an action; provide a notice concerning "Help for Homeowners in Foreclosure" along with the summons and complaint; file a form containing borrower information and the amount due on the mortgage with the New York Superintendent of Financial Services; and file a notice of pendency with the operative complaint in the "clerk's office of each county where the mortgaged property is situated." N.Y. Real Prop. Acts. Law §§ 1304, 1303, 1306, 1331. According to its submissions, Plaintiff has complied with the RPAPL's notice and filing requirements. (Dkt. No. 6, at 3; Dkt. No. 40-2, at 51–112; Dkt. No. 40-2, at 113; Dkt. No. 38; Dkt. No. 40-2, at 28–42).

[4] Plaintiff previously indicated that its interest was transferred to Nationstar as assignee of Defendants' mortgage on September 1, 2016. (Dkt. No. 28-14, at 2). As Plaintiff did not present evidence as to whether it also assigned the underlying note, the Court declined to substitute Nationstar as plaintiff under Federal Rule of Civil Procedure 25(c). (Dkt. No. 36, at 9–10). Plaintiff does not presently seek to substitute Nationstar as plaintiff. Moreover, "[u]nder New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (2d Dep't 2015)). Thus, Nationstar would not, in any event, have standing to pursue this action as there is no evidence that it held the underlying note at the time the action was commenced.

6

made.")); *see Gustavia Home*, 321 F. Supp. 3d at 415 (finding evidence of default based on affidavit from the plaintiff's "single member," who stated that, "based on '[his] own knowledge and from reviewing Plaintiff's business records kept in the ordinary course of Plaintiff's business,' the defendant failed to cure the default"). As Defendant Zineelabidine does not controvert these facts, the Court concludes that Plaintiff has established a prima facie case of entitlement to judgment.

Defendant Zineelabidine raises two "affirmative defenses" in her Answer, (Dkt. No. 7), and advances several arguments in opposition to summary judgment, (Dkt. Nos. 20, 41). She argues that: (i) the Court lacks subject matter jurisdiction; (ii) Plaintiff failed "to serve and prosecute this action for more than six (6) months"; (iii) Plaintiff has erred by prosecuting this action against Katrina Zineelabidine instead of Katrina Olsen; and (iv) in "mitigation [she] requested a deed in lieu of foreclosure" but Plaintiff's "protracted and dilatory actions frustrated" her "right of loss of litigation." (Dkt. Nos. 7, 20, 41).

Defendant Zineelabidine provides no factual support for any of her arguments. Moreover, the Court previously found it has diversity jurisdiction over this action. (Dkt. No. 36, at 1 n.1). Thus, Defendant Zineelabidine's assertion that the Court lacks subject-matter jurisdiction is without merit. Plaintiff filed the Complaint on May 10, 2016, (Dkt. No. 1), and on June 15, 2016, Defendant Zineelabidine was served with the summons and Complaint, (Dkt. No. 6, at 1). As there is a six-year statute of limitations on a mortgage foreclosure action, *see* N.Y. C.P.L.R. § 213(4), which begins to run from the due date for each unpaid installment, and Defendants' alleged date of default was August 1, 2014, there is no basis for finding the action untimely. Nor is there any indication that service, which was completed within 36 days of the filing of the Complaint, was improper or untimely. *See* Fed. R. Civ. P. 4(m) (stating a defendant must be

served "within 90 days after the complaint is filed"). Defendant Zineelabidine's arguments concerning her name are unavailing; she relies on the affidavit of her attorney, who does not purport to have any personal knowledge, she provides no indication when she changed her name, and she does not dispute that she and Katrina Olsen are the same person.[5] Finally, Defendant Zineelabidine presents no legal or evidentiary support for her argument concerning a "deed in lieu of foreclosure" or her allegation that Plaintiff's "protracted and dilatory actions frustrated" her "right of loss of litigation." (Dkt. Nos. 7, 20, 41). Accordingly, the Court finds that Plaintiff has established there are no material issues of fact requiring trial and that it is entitled to summary judgment. The Court addresses damages *infra* Part VI.

## V.     MOTION FOR DEFAULT JUDGMENT

### A.     Procedural Requirements

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b)(2), the plaintiff must "apply to the court for entry of default judgment." *Priestly*, 647 F.3d

---

[5] Defendant Zineelabidine appears to withdraw her name-based arguments as her attorney refers to her in subsequent submissions as "Katrina A. Olsen (aka Zineelabidine)." (Dkt. No. 41, ¶ 1). In any event, she provides no legal support for her arguments.

8

at 505; *see also* L.R. 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

In this case, Plaintiff has met the procedural requirements for entry of default judgment. Plaintiff obtained a Clerk's Entry of Default, (Dkt. No. 10), and has submitted a declaration to the effect that Defendant Barnes is not an infant, military service member, or incompetent person, (Dkt. No. 40-1, ¶ 10). Having found that Plaintiff has complied with the procedural requirements for a default judgment, the Court turns to the substance of Plaintiff's motion.

### B. Liability

By failing to answer the Complaint or oppose this motion, Defendant Barnes is deemed to have admitted the factual allegations in the Complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2, 2011 U.S. Dist. LEXIS 32249, at *5–6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim."). But before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Telequip Corp. v. Change Exch.*, No. 01-cv-1748, 2004 WL 1739545, at *1, 2004 U.S. Dist. LEXIS 14892, at *3 (N.D.N.Y Aug. 3, 2004).

Here, the Complaint alleges that Defendant Barnes executed and delivered a note, secured by a mortgage, and defaulted on the debt. (Dkt. No. 1, ¶¶ 8–11); *see Gustavia Home,*

9

*LLC*, 321 F. Supp. 3d at 414 ("New York courts require that the plaintiff in an action to foreclose a mortgage demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" (quoting *Campaign*, 23 A.D.3d at 327)). Further, Plaintiff has complied with the relevant notice and service provisions of the RPAPL. *See supra* note 3. Thus, Plaintiff is entitled to default judgment as to liability.

VI.     **JUDGMENT OF FORECLOSURE AND SALE**

Plaintiff seeks a judgment of foreclosure and sale, including "[j]udgment determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest." (Dkt. No. 1, at 3). "[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). On a motion for default judgment, a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151,155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine if there is sufficient evidence either based upon evidence presented at a hearing or upon a review of affidavits and documentary evidence." *Cement & Concrete Workers*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2)). The note and mortgage, as the governing instruments, should determine any default damages. *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *6, 2011 U.S. Dist. LEXIS 107409, at *13 (E.D.N.Y. Sept. 23, 2011).

Here, Plaintiff has submitted the note, (Dkt. No. 40-2, at 23–26), and mortgage, (*id.* at 28–42), which show that it holds a mortgage from Defendants for the principal sum of $138,000.00, with interest accruing annually at a rate of 6.5% starting January 25, 2008. (*Id.* at 23). With respect to the amount due, Plaintiff has shown that $126,098.40 of the principal balance remains unpaid and that interest has accrued in the amount of $17,457.50 as of August 18, 2016. (*Id.* at 3). In addition, Plaintiff requests: $523.50 for "Pre-acceleration Late Charges"; $2,348.72 for hazard insurance disbursements; $4,990.38 in tax disbursements; and $2,097.60 for "PMI/MIP." (*Id.*). Plaintiff has submitted admissible evidence showing a basis for the damages sought. (*Id.* at 2–4). Accordingly, the Court finds that Plaintiff is entitled to $153,516.10 for the amount due on the note and mortgage, as well as other costs.

Plaintiff also seeks to recover $2,435.00 in attorneys' fees it incurred in connection with this action. (Dkt. No. 40-2, at 397–98; *see also* Dkt. No. 40-2, at 41 ("In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender . . . .")). The starting point for determining a reasonable fee is to calculate the lodestar amount by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Upon the declaration of counsel, which reflects nine hours of attorney time (at $215.00 per hour) and five hours of paralegal time (at $100.00 per hour), (Dkt. No. 40-2, at 393–95), the Court finds Plaintiff's application for attorney's fees to be presumptively reasonable. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) ("The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case

effectively.'" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007))). In addition, Plaintiff seeks, and is entitled to recover, $1,020.00 in fees and disbursements. (Dkt. No. 40-2, at 397–98). Thus, Plaintiff has adduced sufficient evidence to warrant an award of damages against Defendant Barnes. Further, as there are no issues of material fact, Plaintiff is likewise entitled to summary judgment with respect to damages as to Defendant Zineelabidine.

## VII. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment and summary judgment (Dkt. No. 40) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

The Court will enter a Judgment of Foreclosure and Sale under separate Order.

**IT IS SO ORDERED.**

Dated: November 16, 2018
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge